## Bassett v. Lush.

(Decided June 19, 1914.)

### Appeal from Grayson Circuit Court.

Deeds—Possession—Response to Petition for Rehearing.—While it was inadvertently stated in the opinion (156 Ky., 490) that appellant claimed appellee's deed did not embrace the land in controversy, it is conceded that the deed does embrace it, and it is apparent that appellant knew the interference was in the possession of another, and that he did not pay for the acreage embraced in it.

.G. W. STONE, M. M. LOGAN and ORA E. HAZELIP for appellant.

J. M. CAMPBELL and W. O. JONES for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE TURNER.

By reason of a confused state of this record it was inadvertently and erroneously stated in the opinion (156 Ky., 490) that appellant claimed that appellee's deed from Collard did not embrace the land in controversy, but conceded that same was embraced in the deeds from Jarboe to Simms, and from Simms on down to Collard.

On the contrary, as pointed out in the petition for rehearing, it is conceded that appellee's deed to Collard does embrace the land in controversy, and it is claimed that the prior deeds do not embrace it.

The deed from Collard to appellee dated December, 4th, 1909, refers to the land therein conveyed as "being the land conveyed to first parties by J. R. Layman and wife by deed dated 13th of May, 1898, which is duly recorded in deed book 'G,' page 300, &c.," and it is conceded in the petition for rehearing that the land described in the deed thus referred to in appellee's deed does embrace the land in controversy.

It must be admitted that there is some material difference in the calls of the deed from Collard to appellee and in the deeds from Jarboe to Simms and Layman to Collard; but it would seem to be conclusive from the reference in the Collard deed to the description in the Layman deed that it was intended in the older deeds to convey the same land, and that the mistake, if any, in either conveyance was in the prior deeds, for the evidence discloses by the daughter of Kennison, who formerly occupied the land, that her father, who claimed under Layman, claimed to the Joe Grant line; and it is in evidence by Collard, who purchased from Kennison, but took a deed directly from Layman, that while he (Collard) occupied the land he claimed to the Grant line, and that Kennison had previously cultivated land within what is now the disputed boundary, and that he (Collard) had cleared additional land within that interference while he occupied it.

While it is apparent that the land in controversy is within the exterior lines of appellant's deed, it is equally apparent that he knew this interference was in the possession of another when he bought the land, and that he did not pay for the acreage embraced in this interference, but said that he intended to *get it if he could.*

No injustice has been done appellant, and the petition is overruled.